NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHAI LIN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   20-72768

Agency No. A087-970-004

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 5, 2023
San Francisco, California

Before:  McKEOWN, TALLMAN, and LEE, Circuit Judges.

Chai Lin petitions for review of the Board of Immigration Appeals' ("BIA")

final removal order affirming an Immigration Judge's ("IJ") denial of her

application for asylum and withholding of removal.[1]  We have jurisdiction under 8

U.S.C. § 1252.  We grant the petition and remand to the BIA.  Because the parties

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Lin also sought relief under the Convention Against Torture ("CAT").  She does not appeal the denial of her CAT claim.

are familiar with the facts, we need not recount them here.

We review the BIA's "denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (citation omitted). "Reversal, however, is appropriate when 'the evidence in the record compels a reasonable factfinder to conclude that the [BIA's] decision is incorrect.'" *Baghdasaryan v. Holder*, 592 F.3d 1018, 1022 (9th Cir. 2010) (quoting *Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008)) (alteration in original).

The BIA erred in concluding that Lin is ineligible for asylum based on its determination that Lin's past treatment did not rise to the level of persecution. Specifically, the BIA failed to consider our precedent in *Guo v. Sessions*, 897 F.3d 1208 (9th Cir. 2018), which articulated the form and degree of treatment that qualifies as religious persecution in circumstances comparable to those of Lin.[2] 897 F.3d at 1215–16. Like the petitioner in *Guo*, Lin was arrested while attending a house church, beaten during her interrogation, and detained for a period of days. She was also subjected to similar release conditions: she was forbidden from

---

[2] We recognize that the IJ did not have the opportunity to consider *Guo* because the IJ issued his decision on May 24, 2018, while *Guo* was not issued until July 30, 2018. However, the BIA issued its decision more than two years later, on August 26, 2020, and did not explicitly consider *Guo* in its decision.

attending the church again and required to report to the police weekly. Although Lin did not seek medical treatment like the petitioner in *Guo*, her arrest, release conditions, and loss of employment confirm that she experienced "ongoing" persecution and was "forbidden by the government from otherwise living a Christian life." *Id.*; *see also Quan v. Gonzales*, 428 F.3d 883, 888 (9th Cir. 2005) (stating that a beating "may constitute persecution, even when there are no long-term effects and the prisoner does not seek medical attention"). Given these similarities, *Guo* controls the outcome of this petition, and the evidence compels a finding of past persecution.

Because Lin experienced past persecution, she is entitled to a presumption of a well-founded fear of future persecution. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004) ("If past persecution is established, a rebuttable presumption of a well-founded fear arises . . . .") (citations omitted). However, because the IJ and BIA found that Lin had not established past persecution, neither applied this presumption and, understandably, the government did not provide any evidence to rebut the presumption. We therefore remand to the BIA to "determine in the first instance whether the government can rebut that presumption." *Guo*, 897 F.3d at 1217 (citing *Mamouzian v. Ashcroft*, 390 F.3d 1129, 1135 (9th Cir. 2004)); *see also I.N.S. v. Ventura*, 537 U.S. 12, 16–17 (2002) (holding that reviewing courts should remand such issues to let the agency "bring its expertise to

3

bear on the matter").

Finally, because the claim for withholding of removal is interwoven with the merits of the claim for asylum based on a well-founded fear of future persecution, the BIA should have the opportunity to consider whether Lin has demonstrated a clear probability of future persecution. *See Al–Harbi v. I.N.S.,* 242 F.3d 882, 888–89 (9th Cir. 2001) ("Th[e] clear probability standard for withholding of removal is more stringent than the well-founded fear standard governing asylum.") (internal quotation marks and citation omitted). Thus, we also remand Lin's withholding of removal claim to the BIA.

**PETITION GRANTED AND REMANDED.**